IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH SANDERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 03-255-MJR |
| **K. MILLER,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for Entry of Default. **(Doc. 16)**.

On April 6, 2006, the Court issued a Notice of Impending Dismissal as to defendant Miller. **See, Doc. 15.** In response, plaintiff filed the instant motion.

Plaintiff states that he has served Miller. However, there is no indication in the record that Miller has been properly served. Plaintiff is *not* proceeding in forma pauperis. He is, therefore, responsible for serving defendant.

Plaintiff is suing defendant Miller in his individual capacity for acts done in connection with the performance of his official duties on behalf of the United States. ***See Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002).** Pursuant to **Federal Rule of Civil Procedure 4(i)(2)(B)**, plaintiff must serve *both* Miller and the United States.

In order to properly serve Miller, plaintiff must complete the following steps:

(1) a copy of the summons and complaint must be delivered to the United States Attorney for the district in which the action is brought; *and*

(2) a copy of the summons and complaint must be sent via registered or certified mail to the Attorney General in Washington, D.C.; *and*

(3) the original summons and complaint must be served on the defendant Miller by

1

delivery to Miller personally, or to Miller's home or usual abode, or to his or authorized agent for receipt of service. (*See* **Fed.R.Civ.P. 4(b), 4(i)(2)(B) and 4(i)(1); and 735 ILCS 5/2-203(a)).**

It appears that the only step plaintiff has taken has been to mail the summons and complaint to Miller at his place of employment, USP-Marion. This does not constitute service.

The Court notes that plaintiff's motion refers to a "proof of service" filed by the Clerk of Court on April 26, 2005. That document, **Doc. 12**, is not a proof of service; rather, it is the summons directed to Miller. Because plaintiff is responsible for serving defendant, plaintiff, and not the Clerk of Court, will be in possession of proof of service.

For the foregoing reasons, plaintiff's Motion for Entry of Default **(Doc. 16)** is **DENIED**.

Pursuant to **Fed.R.Civ.P. 4(m)**, plaintiff is granted additional time in which to serve defendant. **NOTICE IS HEREBY GIVEN** that this case will be dismissed as to defendant K. Miller by the Court for failure of plaintiff to properly prosecute unless action is implemented within twenty (20) days to effectuate service by following the steps outlined above.

**IT IS SO ORDERED.**

**DATED: May 2, 2006.**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U.S. MAGISTRATE JUDGE**